# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

FRANCIS McKENNA, PLAINTIFF IN ERROR, v. THE PEOPLE
OF THE STATE OF NEW YORK DEFENDANT IN ERROR.

*Trial for homicide — character of deceased for violence — how proved.*

WRIT OF ERROR to the Court of General Sessions in the city and
county of New York, to review the conviction of the relator of the
crime of manslaughter in the third degree.

The death of the deceased was caused by a wound, which the
evidence tended to show was produced by the discharge of a pistol
in the hands of the prisoner.

The court at General Term said : "During the progress of
the trial the prisoner's counsel inquired of a witness, who was a
member of the police force, whether he had ever arrested the
deceased? This was objected to; and the prisoner's counsel
replied that he desired to show the character of the deceased for
violence, and that he had placed the prisoner in a position of self-
defence, and while it was claimed that neither shot the deceased,
it was still insisted that the prisoner had a right to show his char-
acter for violence. Whether the prisoner had this right or not,
as the controversy was narrowed in this case, was not determined
by the court, but the ruling was made simply and solely as to the
question propounded to the witness. That question was over-
ruled, and the prisoner's counsel excepted. The court made no
further ruling at this time, and did not hold that the prisoner
could not show what the character or disposition of the deceased
for violence had been, and the point was not again presented for
consideration. The ruling, resting as it did exclusively upon the
question which was asked, was proper. If the fact would have

had any relevancy at all to the case it would simply tend to prove an isolated act of misconduct on the part of the deceased, and that could not be shown in a case of this description to prove his disposition. Particular instances of misconduct of the deceased, in no way connected with the accused, could not be proved for the mere purpose of showing a violent disposition on his part. The appropriate and proper mode of establishing that, if it be the fact, is by general evidence showing the character and disposition of the person who has been killed. (*Eggler* v. *The People*, 56 N. Y., 642; *Thomas* v. *People*, 67 id., 219, 223; *Jackson* v. *Osborn*, 2 Wend., 555, 558.) Where the character of the deceased for violence may properly be proved in the case, general evidence is all that can be given, and that in certain cases may be appropriate and proper. (*People* v. *Lamb*, 2 Keyes, 360; Wharton's Criminal Law [4th ed.], section 641.)"

*William F. Howe*, for the plaintiff in error. *Benj. K. Phelps*, district attorney, for the People.

Opinion by Daniels, J.

Brady, P. J., and Ingalls, J., concurred.

Conviction affirmed.